MOESKOPS v. BODMAN et.

Ohio Appeals, 1st Dist., Hamilton Co.

Decided July 6, 1926

191. BURDEN OF PROOF—Where vendor brings an action against the vendee to recover an unpaid balance on a real estate transaction and the vendee pleads as a defense, payment, the burden is on the vendee to prove same.

225. CHARGE TO JURY—Where in a special charge, the judge says "that where one of two innocent parties must bear loss through fraud of a third, the one committing the first oversight must bear the loss," the general charge is not to consider fraud of third person and it is not error or in conflict with special charge because the acts of the third person were not controllng except to show who first trusted the third party.

CUSHING, J.

Laura Moeskops brought an action in the Hamilton Common Pleas against Julia M. Bodman, to recover the sum of $6000, balance claimed to be due on the sale of real setate described in the petition.

The transactions were negotiated through Howard Morgenroth. The record shows that Moeskops had real estate transactions with Morgenroth and in certain instances was to share in the profits of the sale of certain property. Bodman admitted the transaction in question; that the price to be paid was $18,000, $12,000 in loans and $6,000 in money; and pleaded payment. So that the burden of proof was on her to establish it. The trial court found in favor of Bodman, and error is prosecuted here to reverse such judgment.

The Court of Appeals held:

1. Moeskops complains of the general charge of the court, on the ground that he had given this special charge. "I charge you, members of the jury, that where one of two persons must suffer loss by the fraud or misconduct of a third person, he who commits the first oversight, and trusts and reposes confidence in the third party must bear the loss," and then in his general charge used this language, "in the outset you are not to consider whether either or both of these women have been defrauded by this man Morgenroth, that has nothing to do in this case, and you are not to consider it."

2. This part of the charge, taken in connection with the other parts of the general charge means that in determining whether or not Moeskops or Bodman should recover, the acts of Morgenroth were not the controlling factor, unless it became question of who first trusted Morgenroth.

3. The issue was made that Bodman was indebted in the sum of $5,200. On the plea of payment, the question was squarely presented. The jury determined it, and the verdict will not be disturbed.

Judgment affirmed.

(Buchwalter, PJ., and Hamilton, J., concur.)

Attorneys—Froome Barbour and Wm. R. Collins for Moeskops; O'Connell & O'Connell for Bodman; all of Cincinnati.